**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.B. and A.B.**

**No. 24-643** (Wirt County CC-53-2023-JA-8 and CC-53-2023-JA-9)

**MEMORANDUM DECISION**

Petitioner Mother J.N.[1] appeals the Circuit Court of Wirt County's October 1, 2024, order terminating her parental rights to J.B. and A.B., arguing that the circuit court erred in finding that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect and in terminating her parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2023, the DHS filed an abuse and neglect petition, alleging, in pertinent part, that the petitioner failed to provide necessary food, clothing, shelter, and bedding for the children, J.B. and A.B. Specifically, the DHS alleged that the home was unfit for the children as it was dirty, extremely cluttered, had no electricity, and the children's bedroom was filled with trash, liquor bottles, and other miscellaneous objects.

At the adjudicatory hearing in October 2023, the petitioner stipulated that she failed to provide adequate housing and was thereby adjudicated an abusing and neglecting parent in regard to both children. The petitioner was then granted a post-adjudicatory improvement period, the terms and conditions of which required the petitioner to, among other things attend all multidisciplinary team meetings and hearings, participate in parenting classes, attend scheduled visitation with the children, obtain a proper residence for the children, submit to a parental fitness evaluation, refrain from using drugs or alcohol, participate in therapy sessions, and keep in contact with her case workers.

At a status hearing in February 2024, the court found that the petitioner was not substantially compliant with the terms of her improvement period. Specifically, she failed to maintain contact with her assigned case worker, was not participating in therapy, missed several

---

[1] The petitioner appears by counsel Jessica E. Myers. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Counsel Katrina Christ appears as the children's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

parenting classes, missed a supervised visit, and failed to make any improvements to the home as it remained without electricity or water service. Despite this noncompliance, the court allowed the petitioner to continue with services.[3]

Afterwards, the petitioner obtained a domestic violence protective order against the father of the children, stating he was harassing her. The DHS also filed a report highlighting that the petitioner's participation in services dwindled and that she had missed a substantial number of visits which negatively affected the children's emotional well-being. This led the court to suspend visitation. The DHS then submitted another report stating that the petitioner was also discharged from services for noncompliance and had ceased all contact with the DHS by June 2024.

The petitioner failed to attend the dispositional hearing in September 2024, although she was represented by counsel. The DHS presented evidence of the petitioner's overall noncompliance with the terms of her improvement period, which included her failure to participate in services or visitation since April 2024 and inconsistent contact with her assigned case worker. Additionally, the DHS highlighted the petitioner's failure to make progress in maintaining a proper home for the children and provided the court with a report showing that as of April 2024, the petitioner allowed people who previously had their parental rights terminated to live with her, and that drugs along with drug paraphernalia had also been found in the home. When asked if there was any updated information on the state of the petitioner's home, the DHS presented testimony that no recent assessment was performed despite the DHS's attempts to conduct one. While the petitioner was instructed to contact the DHS once she had corrected the unfit conditions in the home, the petitioner failed to ever contact the DHS, even after she was offered services to help restore utilities to the home. Based on this evidence, the court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future, given that the petitioner failed to participate in her improvement period or the services offered and demonstrated "an intent to abandon [her] parental rights." The court further found that termination was necessary for the children's welfare, given that the parents' lack of participation negatively impacted any progress towards reunification and the children's need for continuity of care in a stable environment. Accordingly, the court terminated the petitioner's improvement period and parental rights to J.B. and A.B.[4] The petitioner now appeals from the court's dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner's sole assignment of error is that the circuit court erred in terminating her parental rights because there was a reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. We disagree.

---

[3] The court's review hearing order is unclear as to whether it formally terminated the petitioner's improvement period. Given the language in the court's final dispositional order stating that the petitioner's improvement period "is hereby terminated," it appears that the court allowed the petitioner's improvement period to remain in effect following its review hearing.

[4] The father's parental rights to both children have also been terminated. The permanency plan for J.B. and A.B. is adoption in their current placements.

Pursuant to West Virginia Code § 49-4-604(d)(3), there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." Here, the record clearly shows the petitioner's repeated noncompliance with the DHS's remedial services. In fact, the petitioner's noncompliance was so extensive that she was ultimately discharged from services. The petitioner also missed a substantial number of visits, resulting in the court suspending visitation. We have previously highlighted that the level of interest in visiting the children when outside the petitioner's custody "is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Compounded with this evidence, the petitioner also failed to improve the housing conditions that led to the abuse and neglect petition as the home remained inadequate throughout the entirety of the case. The DHS presented evidence of this failure through reports describing how the home remained unfit even in April 2024, as well as testimony showing that the petitioner failed to ever inform the DHS that she had fixed the inadequate home conditions, despite the DHS offering services for utility restoration. As such, the court had ample evidence to find that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the children's welfare. Circuit courts are permitted to terminate parental rights upon these findings without the use of less restrictive alternatives. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))); W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). Therefore, we conclude that the circuit court did not err in terminating the petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 1, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2025

**CONCURRED IN BY**:

Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

**NOT PARTICIPATING:**

Chief Justice William R. Wooton